Tjbeat, Justice, delivered the opinion of the court: [* 421] Bailey recovered a judgment against Ewing, before a justice of the peace, on the 16th of April, 1842. On the 5th of May following, Ewing entered into an appeal bond before the justice; which bond and the papers of the case, the justice filed with the clerk of the circuit court on the 25th of the same month. The circuit court, on the motion of Bailey, dismissed the appeal. That decision is now assigned for error. The act of February 3d, 1840, which authorizes a party to take an appeal, by entering into bond before the justice, requires the justice to file the bond and the other papers belonging to the case, in the office of the clerk of the circuit court, within twenty days after the approval of the bond. The only question sought to be decided in the case is, whether the justice complied with this provision of the statute. The proper " mode of computing time, where an act is to be performed within a particular period from or after a specified day, is to exclude the day named, and include the day on which the act is to be done. For example; a .promissory note executed on the first day of the month, and payable in twenty days from date, falls due on the twénty-first of the month ; in reckoning the time, the day of the date is excluded, and the day on which the maker is required to pay is included. By this rule, the day on which the appeal bond was executed was to be excluded in the computation of the twenty days, and the justice had the whole of the 25th of May in which'to file the papers. He having filed them on that day, the court ought not to have dismissed the appeal. Whether filed within the twenty days or not, it was error to dismiss the appeal, as .this court has decided at this term, in the case of Little v. Smith, ante 400. The judgment of the circuit court must be reversed with costs, and the cause remanded for further proceedings. Judgment reversed.